14-4498 (L)
National Labor Relations Board v. American Medical Response of Connecticut, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of January, two thousand sixteen.

Present:  ROSEMARY S. POOLER,
  PETER W. HALL,
  SUSAN L. CARNEY,
    *Circuit Judges*.

_____

NATIONAL LABOR RELATIONS BOARD,

  *Petitioner/Cross-Respondent,*

  v.  14-4498, 14-4648

AMERICAN MEDICAL RESPONSE OF CONNECTICUT, INC.,

  *Respondent/Cross-Petitioner.*[1]

_____

Appearing for Petitioner/Cross-Respondent:  Kellie Isbell (Robert J. Englehart, Richard F. Griffin, Jr., Jennifer Abruzzo, John H. Ferguson, Linda Dreeben, *on the brief*), National Labor Relations Board, Washington, D.C.

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

| | |
|---|---|
| Appearing for Respondent/Cross-Petitioner: | Daniel J. Krisch (Meg R. Reid, Duncan J. Forsyth, *on the brief*), Halloran & Sage, Hartford, CT. |

Application for Enforcement and Cross-Petition for Review of an Order of the National Labor Relations Board.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the application of the National Labor Relations Board to enforce its order is **GRANTED**, and the cross-petition for review is **DENIED.**

Petitioner-Cross-Respondent National Labor Relations Board ("NLRB") seeks enforcement of its order. Respondent-Cross-Petitioner American Medical Response of Connecticut, Inc. ("AMR") seeks review of that order. The NLRB's order requires AMR to, among other things, cease and desist from engaging in unfair labor practices and to offer to reinstate employee and union steward Adam Cummings, who was discharged as a result of his activities on behalf of a labor union.

Our review of an NLRB order is "highly deferential." *Int'l Union, UAW v. NLRB,* 520 F.3d 192, 196 (2d Cir. 2008). We "must enforce the Board's order where its legal conclusions are reasonably based, and its factual findings are supported by substantial evidence on the record as a whole." *NLRB v. Katz's Delicatessen of Houston St., Inc.,* 80 F.3d 755, 763 (2d Cir. 1996). Thus, we may not "displace the Board's choice between two fairly conflicting views, even [if we] would justifiably have made a different choice had the matter been before [us] *de novo.*" *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951).

On appeal to this Court, AMR did not contest, inter alia, the Board's findings that it violated sections 8(a)(5) and (1) of the National Labor Relations Act (the "Act") by unilaterally changing its procedures to require that employees check the levels of certain fluids in their vehicles and complete a checklist certifying they had inspected the vehicle. Further, AMR did not contest the Board's finding that AMR violated section 8(a)(1) of the Act by disciplining employees pursuant to the new procedures. Therefore, "[t]he Board is entitled to summary affirmance of portions of its order identifying or remedying these and all other uncontested violations of the Act." *NLRB v. Consol. Bus Transit, Inc.,* 577 F.3d 467, 474 n.2 (2d Cir. 2009).

Substantial evidence in the record as a whole supports the Board's conclusion that AMR violated section 8(a)(1) of the Act by discharging employee and union steward Adam Cummings as a result of his protected activity as a union steward. While AMR asserts that the NLRB ignored evidence of Cummings's misconduct, specifically that Cummings intentionally attempted to incite a work stoppage, we will not displace the NLRB's decision because it is adequately supported by the record. *See NLRB v. G & T Terminal Packaging Co.*, 246 F.3d 103, 114 (2d Cir. 2001).

AMR also challenges the Board's decision to affirm the denial of AMR's motion to defer Cummings's complaint to arbitration. Where a collective bargaining agreement contains an arbitration clause, there is ordinarily a presumption in favor of arbitration. *See United Techs.*

*Corp.*, 268 N.L.R.B. 557, 558-59 (1984); *see also Collyer Insulated Wire, Gulf & W. Sys. Co.*, 192 NLRB 837, 841-42 (1971). However, it is within the Board's discretion to refuse to defer to arbitration, *see Lodges 700, 743, 1746, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. NLRB*, 525 F.2d 237, 239 (2d Cir. 1975), particularly where the "interests of the union are [ ] contrary to those of the affected employee[,]" *Truck Drivers Local Union No. 807, I.B.T. v. Reg'l Imp. & Exp. Trucking Co.*, 944 F.2d 1037, 1044 (2d Cir. 1991) (citing *United Techs. Corp.*, 268 N.L.R.B. at 558-60). Here, the record supported the Board's determination that there was significant hostility of the union representative toward Cummings. Accordingly, the NLRB did not abuse its discretion in denying AMR's motion.

For the foregoing reasons, and finding no merit in AMR's other arguments, we hereby **GRANT** the NLRB's application for enforcement of its order and **DENY** AMR's cross-petition for review.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk